# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTOPHER BENJAMIN,** | : | Civil No. 3:20-CV-34 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Magistrate Judge Carlson) |
| v. | : | |
| | : | |
| **KMB PLUMBING & ELECTRICAL,** | : | |
| **INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

**I.     Statement of Facts and of the Case**

The Federal Arbitration Act provides for the enforcement of arbitration clauses in contracts and states that: "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . , shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2. However, arbitration rights are a function of the contractual arrangement between the parties, and the ability to compel arbitration in federal court often turns of the language used in the contract, and the parties' reasonable understanding of that language. Such questions may be clear from the pleadings, or may require factual development. Thus, depending upon the clarity of the agreement, and the factual context of the case, the ability to enforce

an arbitration clause in a contract may be decided as a matter of law on the pleadings; as a matter of law based upon the undisputed material facts; or as a matter of fact following an evidentiary proceeding.

This case, which comes before us for consideration of a motion to compel arbitration, (Doc. 5), provides an illustrative example of how the procedural posture of a case may affect our ability to compel arbitration. This case is an action brought by a former employee, Kristopher Benjamin, against his former employer, KMB Plumbing and Electrical, Inc. ("KMB"), and its owner, Kevin Berry. (Doc. 1). In his complaint, the plaintiff alleges that Berry, acting on behalf of KMB, harassed and discriminated against him on the basis of race and sex. (Id., ¶¶ 19-41). In addition, the plaintiff asserts that the defendants failed to properly pay him for overtime that he worked. (Id., ¶¶ 43-50).

On the basis of these allegations, the plaintiff brings five claims against the defendants, alleging that the defendants' actions constituted: (1) discrimination under Title VII; (2) retaliation under Title VII; (3) violation of the Fair Labor Standards Act; (4) violations of the Pennsylvania wage laws; and (5) discrimination under 42 U.S.C. § 1981. (Id., ¶¶ 60-80). In response to the plaintiff's complaint, without addressing the merits thereof, the defendants filed a motion to dismiss, alleging that the plaintiff's claims are subject to an arbitration clause, that this court should direct the parties to engage in arbitration, and that these proceedings should

be stayed until resolution of such arbitration. In support of this proposition, the defendants have attached as Exhibit A to their motion to dismiss what they claim is the complete agreement between these parties which spans some seven pages in length. (Doc. 5-1, Ex. A). This agreement contains a global arbitration provision, which provides as follows:

> **VII.   Arbitration of Disputes**
>
> **A. All disputes over the terms of this Agreement, or any other work-related dispute between the parties, shall be submitted to arbitration in the event it is not resolved among the parties within sixty (60) days from the date of notification of the dispute.**
>
> **B. Either party may request arbitration.**
>
> **C. The arbitrator's decision shall be final and binding. Enforcement may be sought through injunction proceedings in an appropriate Court of Common Pleas. If the arbitration award calls for the payment of money, the award may be filed as a judgment in the appropriate Court of Common Pleas.**
>
> **D. The costs of the arbitration shall be borne by both parties equally unless the arbitrator assigns them to one party in his or her award.**
>
> **F. [sic] The procedural rules of the American Arbitration Association shall apply.**
>
> **G. . . . [E]ach party is required to furnish the other party with a witness and exhibit list fourteen (14) days prior to the arbitration hearing. Failure to comply with this paragraph shall preclude the admission of any evidence.**

(Id., Ex. A, p. 6).

While the plain language of this provision in page 6 of the contract seems clear, the plaintiff's response to this motion adds a layer of factual uncertainty to this issue. Benjamin notes that, while the agreement tendered by the defendant is 8 pages long and has an arbitration provision on page 6, the preamble to the contract states that the agreement is only 4 pages in length. Benjamin then alleges that: "Upon review of the facts, it remains strikingly clear that Plaintiff was given an incomplete agreement to sign, and that Defendants apparently took steps to conceal the entirety of the agreement to obtain Plaintiff's assent to such." (Doc. 6-1 at 16).

In contrast, relying upon this language, which it insists was in the agreement signed by Benjamin, the defendants argue that arbitration in this case is mandatory, based on the language in the agreement which provides that all work-related disputes shall be arbitrated. Thus, the defendants claim that because the plaintiff's allegations in this case center around the work relationship between the parties, arbitration is appropriate. The plaintiff counters that the contract containing the arbitration agreement is void due to failure of consideration and the unconscionability of enforcement because the plaintiff did not receive a raise or change in job duties after signing the contract and because the defendants did not provide the plaintiff with the complete contract for review before requesting his signature. Therefore, the plaintiff asserts that this provision should not be enforced against him to compel arbitration. In addition, the plaintiff claims that the defendants filed their own lawsuit in the

Court of Common Pleas of Monroe County regarding a work-related dispute, thus waiving any right they may have had to compel arbitration. For their part, the defendants rejoin that any attack on the validity of the arbitration agreement should be brought before an arbitrator since this is an issue within their jurisdiction under the Federal Arbitration Act ("FAA")—the guiding law behind this agreement.

We construe this motion to dismiss as a motion to compel arbitration since it does not address the merits of the plaintiff's complaint and instead only raises issues regarding the parties' alleged agreement to arbitrate. After review, we do not find that this motion to compel arbitration can be granted at this time since there is an unresolved factual dispute regarding the authenticity of arbitration provision of this contract. We will therefore deny this motion without prejudice to renewal on a more fulsome factual record after limited discovery on this motion has been undertaken.

## II.   Discussion

### A.   The Federal Arbitration Act—Standard of Review

The Federal Arbitration Act provides, in part, as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The Act "creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes." Century Indem. Co., v. Certain Underwriters at Lloyd's London, 584 F.3d 513, 522 (3d Cir. 2009). Congress enacted the Federal Arbitration Act in order "to overrule the judiciary's longstanding reluctance to enforce agreements to arbitrate and its refusal to put such agreements on the same footing as other contracts, and in the FAA expressed a strong federal policy in favor of resolving disputes through arbitration." Id. (citations omitted).

The right to arbitration, however, is entirely a creature of contract. "Because '[a]rbitration is a matter of contract between the parties,' a judicial mandate to arbitrate must be predicated upon the parties' consent. Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980). The Federal Arbitration Act (the 'FAA'), 9 U.S.C. § 1, *et seq.*, enables the enforcement of a contract to arbitrate, but requires that a court shall be 'satisfied that the making of the agreement for arbitration . . . is not in issue' before it orders arbitration. Id. § 4." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771 (3d Cir. 2013). Given that arbitration is a contractual matter, prior to compelling arbitration pursuant to the FAA, a court must first determine that (1) an enforceable agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement. Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009)

(citation omitted). In ruling upon motions to compel arbitration, we are cautioned that: "Doubts should be resolved in favor of coverage." First Liberty Inv. Grp. v. Nicholsberg, 145 F.3d 647, 653 (3d Cir. 1998) (internal quotation marks omitted).

Yet, when addressing a motion to compel arbitration, we must also be mindful of the procedural posture of the case, since that procedural posture defines the scope of our review. See Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771-76 (3d Cir. 2013). In this regard, the Third Circuit has provided some guidance as to which standards may be appropriate under the given circumstances in a particular case. According to the Court:

> [W]hen it is apparent, based on the face of the complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question.

Id. at 776 (citation omitted) (internal quotation marks omitted). Any time that a court finds that it must make findings in order to determine arbitrability, pre-arbitration discovery may be warranted. Id. at 775 n.5. If a court elects to deny a motion to compel arbitration under Rule 12(b)(6) in order allow discovery on the question of arbitrability, "[a]fter limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment

7

standard." Id. at 776. Finally, "[i]n the event that summary judgment is not warranted because 'the party opposing arbitration can demonstrate, by means of citations to the record,' that there is 'a genuine dispute as to the enforceability of the arbitration clause,' the 'court may then proceed summarily to a trial regarding "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same," as Section 4 of the FAA envisions.' " Id. at 776 (citation omitted).

### B. A Determination in Favor of Compelling Arbitration Cannot Be Made in This Case at This Time.

Here, we are presented with a motion to compel arbitration made at the pleadings stage of this litigation, prior to discovery on this question. Therefore, we must determine whether: "it is apparent, based on the face of the complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013). Pursuant to the FAA, which also guides the alleged arbitration contract between these parties, we must also be " 'satisfied that the making of the agreement for arbitration . . . is not in issue' before we may order arbitration. [9 U.S.C.] § 4." Id., 771. This we cannot do.

We note that the plaintiff's complaint makes no mention of the alleged arbitration agreement. Indeed, this document first appears as an exhibit to the defendants' motion to dismiss. Thus, it is not apparent, based on the face of the complaint, that the plaintiff's claims are subject to an enforceable arbitration clause.

8

In addition, we cannot conclude that the making of this agreement is not in issue in this case. Specifically, the plaintiff states that he was not provided with the entire agreement before the defendants requested that he sign it.[1] Moreover, he claims that he was presented with the agreement and was told that he would have to sign it in order to keep his job. He posits that he was promoted in name only, and that while two new employees were hired for him to manage, neither his job duties nor his compensation changed as a result of this "promotion."[2] The defendants respond that

---

[1] The first page of this agreement appears to lend some support to this position. The first paragraph indicates that "This Agreement consists of 4 pages" where the number 4 is handwritten on a blank space. (Doc. 5-1, Ex. A, p. 2). Despite this representation, the agreement attached as Exhibit A to the defendants' motion to dismiss spans some eight pages in length. Based on this discrepancy, the plaintiff asks us to infer that the plaintiff was not provided with the entire agreement. We find that this constitutes a purely factual dispute best left to discovery that we are not at liberty to resolve at this time.

[2] The plaintiff also asserts that the defendants waived their right to seek arbitration in this case because they chose to bring their own employment-related lawsuit in the Court of Common Pleas of Monroe County in violation of the arbitration agreement. While we do not purport to make any determinations as to the validity of this argument in the state court case, we do note that the agreement contains an ambiguity which renders this argument meritless in this court. Specifically, within the arbitration clause, the first paragraph states that "**All** disputes over the terms of this Agreement, or **any other** work-related dispute between the parties, **shall** be submitted to arbitration . . . .", but the second paragraph states that "Either party **may** request arbitration." (Doc. 5-1, Ex. A., p. 5). Therefore, it is ambiguous as to whether arbitration regarding disputes between these parties is compulsory or discretionary. We find that this ambiguity does not affect the present dispute, however, because it appears that the defendants have requested arbitration by filing the motion to compel same. Thus, if the agreement is found to be valid, regardless of whether arbitration should be compulsory or discretionary, the fact that a party has requested it renders arbitration compulsory for the opposing party in either interpretation of the agreement.

the plaintiff was promoted from a skilled labor position to a sales manager, thus creating the consideration necessary to support the agreement.

It is against this disputed backdrop surrounding the formation of this alleged agreement to arbitrate that the defendants request that we compel the parties to arbitrate. Recognizing that a motion to compel arbitration based solely upon the pleadings is "inappropriate when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate, Somerset, 832 F. Supp. 2d at 482, or the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did," Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 774 (3d Cir. 2013), in this case we find that the dispute of material fact over whether a valid agreement to arbitrate was reached prevents us from compelling arbitration at this time. Thus, we will deny the defendants' motion to compel arbitration without prejudice to the renewal of the motion upon a more fulsome record after the parties have conducted limited discovery on the issue of whether a valid agreement to arbitrate was ever created.

## III. Conclusion

Accordingly, for the foregoing reasons, the defendants' motion to dismiss, which we construe as a motion to compel arbitration, (Doc. 5), is DENIED. This

denial is without prejudice to renewal upon a more fulsome record after the parties have engaged in limited discovery on the issue of whether a valid agreement to arbitrate was ever formed.

      An appropriate order follows.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED:    July 13, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTOPHER BENJAMIN,** | : | Civil No. 3:20-CV-34 |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Magistrate Judge Carlson)** |
| v. | : | |
| | : | |
| **KMB PLUMBING & ELECTRICAL, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## **ORDER**

In accordance with the accompanying Memorandum Opinion, the defendants' motion to dismiss, which we construe as a motion to compel arbitration, (Doc. 5), is DENIED without prejudice to renewal after the parties conduct discrete, focused discovery on this issue. The parties shall consult, confer, and provide the Court with a Joint Case Management Plan on or before **July 27, 2020.** Upon review of the parties' Joint Case Management Plan we will enter an order setting forth a schedule for the prompt resolution of this case or, if necessary, convene a telephonic case management conference to set such a schedule.

So ordered this 13th day of July 2020.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge